**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyshena White, | No. CV-23-00322-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Yolanda Yvette Jones, et al., | |
| Defendants. | |

On October 2, 2022, Plaintiff Tyshena White filed this action in Maricopa County Superior Court against her mother, Defendant Yolanda Jones (who lives in California), and Defendant Alysia Long, who works for Arizona's Department of Child Safety. (Doc. 1-3 at 5-15.) White alleges that Jones made a false report of abuse to DCS; that Long investigated the report; that after discovering no evidence substantiating Jones' report, DCS chose not to file a juvenile dependency action; and that, without any court order, Jones drove to Arizona and took White's two children with her back to California. (*Id.*) Based on these allegations, White brings unspecified state law tort claims and a claim under 42 U.S.C. § 1983 for violations of her Fourteenth Amendment due process rights.

On February 22, 2023, Long removed the case to this Court on the basis of federal question jurisdiction. (Doc. 1.) On March 21, 2023, this Court issued an order noting that Jones was served on October 22, 2022, but had not appeared or responded to the complaint. (Doc. 11.) The Court gave White a week to file either a status report concerning her case

against Jones, or an application or entry of default against Jones, and directed the Clerk to terminate Jones as a defendant for failure to prosecute if White did not comply. (*Id.*) On May 4, 2023, the Clerk terminated Jones as a defendant because White filed neither a status report nor an application for entry of default. (Doc. 16.) As a result, Long is the only remaining defendant in this case.

Now before the Court is Long's motion to dismiss (Doc. 8), which is fully briefed (Doc. 14, 15) and will be granted.

First, to the extent White is attempting to bring any state law tort claims against Long, those claims must be dismissed because White did not serve Long with a Notice of Claim. *See* A.R.S. § 12-821.01(A) ("Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues."); *Deer Valley Unified School Dist. No. 97 v. Houser*, 152 P.3d 490, 492 (Ariz. 2007) ("Claims that do not comply with A.R.S. § 12-821.01.A are statutorily barred.").

Second, White's complaint fails to plausibly allege that Long violated her due process rights. The Fourteenth Amendment "guarantee[s] that parents and children will not be separated by the state without due process of law except in an emergency." *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000). Here, however, White does not allege that she was separated from her children *by the state.* In fact, she alleges the opposite. She claims her mother made a false report of child abuse to DCS, that DCS assigned Long to investigate, that Long discovered no evidence supporting the report, and therefore DCS chose *not* to file a juvenile dependency action. White claims that her mother "kidnapped" her children, but she makes clear that her mother acted *without a court order*. Rather than state a plausible Fourteenth Amendment claim, White's allegations affirmatively show that any separation from her children she experienced was *not* due to any action by the state.

Although ordinarily the Court would freely grant leave to amend, the Court finds further amendment would be futile. This is not a case in which the complaint fails to state

a claim because it does not include sufficient factual detail. This, instead, is a case in which the complaint's well-pled factual allegations affirmatively disprove the claim alleged. White could not state a claim to relief by alleging more facts; she would have to allege completely different facts that flatly contradict what she has already presented to the Court. For these reasons,

**IT IS ORDERD** that Long's motion to dismiss (Doc. 8) is **GRANTED**. The Clerk shall terminate this case.

Dated this 29th day of September, 2023.

Douglas L. Rayes
United States District Judge